1

2

3

4

5

6               **UNITED STATES DISTRICT COURT**

7                      **DISTRICT OF NEVADA**

8                              \* \* \*

9    BOARD OF TRUSTEES OF THE              Case No. 2:19-cv-00685-GMN-BNW
     TEAMSTERS LOCAL 631 SECURITY
10   FUND FOR SOUTHERN NEVADA, et
     al.,                                  **REPORT AND RECOMMENDATION**
11
                  Plaintiffs,
12
          v.
13
     INFINITY I & D, INC.,
14
                  Defendant.
15

16

17        Presently before this Court is a Motion for Default Judgment made by Plaintiffs Boards of

18   Trustees of the Teamsters Local 631 Security Fund for Southern Nevada and Teamsters

19   Convention Industry Training Fund (collectively referred to as "Trust Funds" or "Plaintiffs")

20   against Defendant Infinity I&D, Inc. ("Infinity"). (ECF No. 9.) No opposition has been filed.

21   **I.    BACKGROUND**

22        Infinity employed individuals who performed work covered by a collective bargaining

23   agreement ("CBA") with the International Brotherhood of Teamsters Local 631 ("Union"). (*Id.*)

24   Plaintiffs comprise ERISA[1] funds that provide benefits to Infinity's covered employees. (*Id.*)

25   Governing documents referenced in the CBA require Infinity to provide the Trust Funds' auditor

26   documentation to conduct a contract compliance review to ensure timely contributions on behalf

27   _____

28        [1] Employee Retirement Income Security Act of 1974

of each employee covered by the CBA, as required by 29 U.S.C. § 1145. (*Id.*; *see also* ECF No. 9-1 (Humes Aff.), Exhibit 1, ¶¶ 3-4; Exhibit 2, Art III § 1.) In the event of non-compliance by Infinity, Plaintiffs are permitted to presume annual delinquent contributions in the amount of $100,000.00. (*Id.*) Additionally, if Infinity is delinquent, it must pay 18% interest on those contributions. (*Id.* at Exhibit 1 ¶ 8; Exhibit 2, Amend. No. 2; Exhibit 3, Amend. No. 3; Exhibit 6 § 2.) Liquidated damages are equal to 20% of the delinquent contributions or the interest due at the Trust rate (whichever is higher). (*Id.*) Audit costs, legal fees, and costs incurred attempting to collect the delinquency can also be recovered. (*Id.* at Exhibit 6 § 2(E).) Lastly, the agreement provides for the addition of $5,000 in legal fees to be added to a default judgment for anticipated future costs of collection. (*Id.* at § 5(H).)

Plaintiffs represent they repeatedly requested that Infinity make its books and records for the period of July 2016 to September 2018 available for an audit, as required by ERISA and the CBA. (*Id.*) Plaintiffs also allege Infinity failed to make its books and records available and to remit employee benefit contributions for that period. (*Id.*)

On April 19, 2019, Plaintiffs filed a complaint under ERISA, 29 U.S.C. §§ 1001-1500, against Infinity. (ECF No. 1.) Plaintiffs' Complaint requests equitable relief by asking the court to compel Infinity to make available necessary documentation to permit the Trust Funds to perform an audit. (*Id.*) Plaintiffs also claim Defendant Infinity is liable for unpaid contributions. (*Id.*) Defendant Infinity was served on April 30, 2019. (ECF No. 6.) Defendant did not answer. Plaintiffs filed for an entry of default on May 24, 2019. (ECF No. 7.) The Clerk of Court entered default on May 28, 2019. (ECF No. 8.)

Plaintiffs now request entry of Default Judgment against Defendant Infinity in the amount of $411,957.00. (ECF No. 9.) This Motion was referred to the undersigned on October 2, 2019.

**II.    ANALSYIS**

Under Federal Rule of Civil Procedure 55(b)(2), the Court may enter default judgment if the Clerk previously has entered default based on the defendants' failure to defend. After entry of default, the factual allegations in the complaint are taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Whether to grant a default judgment lies within the Court's

1   discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). In deciding whether to enter a

2   default judgment, the Court considers factors such as:

3       (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's
        substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at
4       stake in the action; (5) the possibility of a dispute concerning material facts; (6)
        whether the default was due to excusable neglect, and (7) the strong policy
5       underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

6

7   *Id.* at 1471-72. A default judgment generally is disfavored because "[c]ases should be decided

8   upon their merits whenever reasonably possible." *Id*. at 1472.

9       Default judgment is appropriate under the circumstances in this case. Plaintiff asserts

10  Infinity was obligated to make available its book and records to Plaintiffs and remit employee

11  benefit contributions under its agreements and 29 U.S.C. § 1027. Plaintiffs requested these

12  records. (ECF No. 9-1 at Exhibit 1, ¶¶ 8-11; Exhibit 7; Exhibit 8; Exhibit 9; Exhibit 10.)

13  According to Plaintiffs, Infinity never provided them. (ECF No. 9 at 4.) Default has been entered

14  against Infinity, so each of these allegations are deemed admitted. *Geddes*, 559 F.2d at 560. The

15  Trust Funds will have no recourse against Infinity unless default judgment is granted. As a result,

16  the first *Eitel* factor favors the entry of default judgment.

17      The complaint sufficiently sets forth Plaintiffs claims under the liberal pleading standard

18  in Rule 8 of the Federal Rules of Civil Procedure. Substantively, nothing in the record indicates

19  that Infinity met its obligations and provided the requested documents. In fact, there is evidence

20  to the contrary. As a result, the assumed delinquent contributions provided for the in the

21  agreement are to be used for purposes of calculating the amount owed. In turn, the agreement

22  allows the Plaintiffs to assume that, for each year covered by the attempted audit, $100,000 is

23  owed, or $8,333 per month ($100,000 divided by 12 months). (ECF No. 9-1 at Exhibit 6 § 4L.) In

24  this case, the period in question covers July 1, 2016, through September 30, 2018, or 27 months.

25  (ECF No. 9 at 5.) The contributions due equal $224,991 ($8,333 x 27 = $224,991). In turn, 18%

26  interest on all delinquent contribution amounts equals $89,034. (*Id*. at 6.) Per the agreement,

27  liquidated damages are either 20% of the delinquent contributions or the amount of interest,

28  whichever is higher. *See also* 29 U.S.C. § 1132(g)(2)(c)(ii). Here, interest is higher, so the

liquidated damages are $89,034. Legal fees of $3,898 are due. (ECF No. 9 at 6-7.) Lastly, the agreement requires an additional $5,000 in attorney's fees and costs in any instance where the Trust Funds seek a delinquency judgment by default judgment. (*Id*. at Exhibit 6, §5(H).) The total amount Defendant Infinity owes Plaintiffs is $411,957.00. (ECF No. 9 at 7.)

In addition to the agreement between the parties, Congress mandates the award of damages in a successful ERISA case. Specifically, 29 U.S.C. § 1132(g)(2) states that, in such a case, the Court shall award (1) unpaid contributions (§ 1132(g)(2)(A)); (2) interest on the unpaid contributions at the rate provided by the plaintiff's plan documents (§ 1132(g)(2)(B)) and the unnumbered last paragraph of § 1132(g)); (3) liquidated damages not in excess of 20% or the interest amount, whichever is higher (§1132(g)(2)(C)(ii)); (4) reasonable attorney's fees and costs of the action (§ 1132(g)(2)(D)); and (5) such other legal or equitable relief as the court determines (§ 1132(g)(2)(E)).

Further, it is unlikely that Defendant Infinity will dispute any issue of material fact, as it has not made an appearance in this case. Nor does it appear that default was the result of excusable neglect. Infinity was provided notice several times that Plaintiffs would initiate a lawsuit if they did not respond. Moreover, Infinity corresponded with counsel for Plaintiffs regarding this matter. (ECF No. 9-9.) Finally, despite the general policy that cases "should be decided on the merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, when defendants fail to answer the complaint, a decision on the merits is "impractical, if not impossible." *PepsiCo v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. Dec. 27, 2002). Entry of a default judgment, therefore, is appropriate.

## III.    RECOMMENDATION

IT IS THEREFORE RECOMMENDED that Plaintiffs' Motion for Entry of Default Judgment (ECF No. 9) be GRANTED.

## IV.    NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen

days of being served with this Report and Recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: January 6, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE